IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR225 |
| v. | |
| TALIS DALE, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Talis Dale's ("Dale") Motion to Suppress (Filing No. 25) statements he made during a custodial interview on May 4, 2021, and DNA evidence obtained from two buccal swabs during the same interview. Dale acknowledges that his statements and DNA evidence were given after the interviewing officer, Federal Bureau of Investigation Special Agent Samuel Roberts ("Agent Roberts"), advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Dale argues, however, that Agent Roberts knew of Dale's mental illness and used tactics to overbear Dale's will to extract a confession. *See United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004) (en banc) ("A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination.").

The magistrate judge[1] held an evidentiary hearing on the motion on January 20, 2022, at which the magistrate judge heard testimony from Agent Roberts, Dale's mother, and Dale's grandmother and received numerous exhibits, including an audio recording of the interview between Agent Roberts and Dale. The magistrate judge issued a thorough Findings and Recommendation (Filing No. 48), recommending that Dale's motion be

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

denied. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). Dale timely objected (Filing No. 52) to the Findings and Recommendation. He raises three "objections."

First, Dale objects to the magistrate judge's use of the government's proposed transcript of the interview. Dale asks the Court to rely on the recorded interview because it is "the more reliable record." The magistrate judge cites to the transcript in its Findings and Recommendation, explaining it was used "as an aid to the Court" but relies primarily on the recording itself. This Court does the same. Dale has attached an addendum to his objections that details what he perceives as inaccuracies in the transcript. The Court has taken those into account in reviewing the recorded interview and transcript.

Second, Dale generally objects to the magistrate judge's factual background "to the extent" it excludes certain facts in the record and asks the Court "to consider the whole record." The Court is mindful of Dale's concern and has conducted a thorough review.

Finally, Dale "objects to the magistrate judge's conclusion that Agent Roberts's tactics did not overbear Dale's will during the May 4, 2021 interview." Dale takes issue with the magistrate judge's comparison of this case with *Wilson v. Lawrence County*, 260 F.3d 946, 953 (8th Cir. 2001), in which the Eighth Circuit concluded a mentally handicapped person's confession was involuntary. Dale "specifically objects to [sic] suggestion/conclusion that the receipt of his medication within hours of the interview warrants considering in any way." Dale's point as to the effectiveness of his medication on the day of the interview makes sense. But even assuming his medication was not completely effective at the time of the interview, the Court nevertheless agrees with the conclusion reached by the magistrate judge. Considering the totality of the circumstances, Dale's will was not overborne during the interview. *See United States v. Brave Heart*, 397 F.3d 1035, 1040 (8th Cir. 2005) ("We determine if a defendant's will has been overborne by examining the totality of the circumstances, including both the conduct of law enforcement in exerting pressure to confess on the defendant and the defendant's ability to resist that pressure.").

IT IS ORDERED:

1. Defendant Talis Dale's Statement of Objections (Filing No. 52) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 48) is accepted.
3. Dale's Motion to Suppress (Filing No. 25) is denied.

Dated this 12th day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge